IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KARL RUDOLPH LENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-cv-1014-MHT |
| ) | |
| ) | |
| ROBERT BENTLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed a Complaint (Doc. 1) on November 19, 2012. On November 28, 2012, the District Judge entered an Order (Doc. 3) referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate."

Upon review of the pleadings and the record in this case, and for the reasons that follow, the undersigned RECOMMENDS that this case be DISMISSED for lack of subject matter jurisdiction.

**I.   BACKGROUND**

*Pro se* Plaintiff brings this action against Alabama Governor Robert Bentley; Alabama Attorney General Luther Strange; Ben Stiller, the trustee of the General Liability Trust Fund; and other "wrongdoers." Plaintiff's Complaint states that his "newborn baby boy [was] kidnapped out of his crib, from within UAB hospital's maternity ward, in 2001, by 'state actors', acting under color of law, and he has yet to be returned to his natural parents." (Doc.

1) at 5. Further, Plaintiff claims that Defendants "went before a Family Court . . . and placed documents and a moving instrument onto the record" that Plaintiff believes to be a "forged instrument." *Id*. at 6. Plaintiff alleges that this "forged" instrument is and has been the cause of his harm, and he seeks the "restoration of rights and compensation for damages." *Id*. Plaintiff asserts that to be "made whole and complete," he should be paid one dollar for every second that his property has been "taken/stolen" from him, bringing the grand total of the claim to $346,665,560. *Id*. at 5.

It is unclear whether Plaintiff seeks the court's review regarding a final state court judgment, whether Plaintiff seeks review of a pending state court matter, or whether Plaintiff is attempting to allege that Defendants kidnaped his newborn from his crib. However, Plaintiff's submissions show that the Jefferson County Department of Human Resources filed an original dependency petition regarding Plaintiff's child on August 14, 2001, and determined, following a hearing, that the child was dependent and was ordered to be placed in shelter care. (Doc. 1-2) at 8. In October 2008, Plaintiff filed a motion to modify visitation, to access the child's records, and to access oral transcripts, all of which were denied. The order also requires Plaintiff to provide the Jefferson County court "the name of a licensed psychologist with whom he shall meet for an evaluation as previously ordered by this court." (Doc. 1-4) at 12. "Once [Plaintiff] has satisfied all such orders, he may petition this court for visitation as provided by law, assuming this court then has jurisdiction to consider such petition." *Id*. Plaintiff's Complaint and attached submissions contain no other

information regarding this matter, and, thus, the court is unable to ascertain whether Plaintiff seeks review of a final judgment or a pending matter.

II. **DISCUSSION**

*Lack of Subject Matter Jurisdiction*

"[It] is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking". . . and, "[i]f the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006). *See also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.") (citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff seeks the court's review of a custody issue in the Family Court of Jefferson County, Alabama. To the extent that the state court proceeding was pending at the time Plaintiff filed the instant lawsuit, his cause of action is subject to dismissal pursuant to the *Younger* abstention doctrine. The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), reaffirmed the "strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "The policies underlying *Younger* are fully applicable to

noncriminal judicial proceedings when important state interests are involved." *Id*. at 432. In determining whether it must abstain from exercising jurisdiction under *Younger*, a court must consider three factors: (1) whether there is an ongoing state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity to raise constitutional challenges in the state proceeding. *Id.*

In this case, all three factors require the court to abstain from exercising jurisdiction over Plaintiff's claims. For purposes of this portion of the discussion, the court assumes there was a pending state court action at the time Plaintiff filed suit in this court.[1] As for the second factor, child custody cases implicate important state interests. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (noting that "family relations are a traditional area of state concern" and determining that state processes sufficiently accommodate questions arising from child-welfare litigation); *see also Liedel v. Juvenile Court of Madison Cnty.*, 891 F.2d 1542, 1546 (11th Cir. 1990) (holding that federal district courts may not interfere with ongoing child custody proceedings). Finally, the third factor is met because Plaintiff had the opportunity to raise any constitutional issues in his state court proceeding. Whether he chose to do so is unclear and irrelevant to the *Younger* analysis. Thus, to the extent the state court action was pending at the time Plaintiff filed suit in this court, this court must abstain from exercising

---

[1] As previously discussed, Plaintiff's Complaint includes a 2008 Order from the Family Court in Jefferson County, Alabama, regarding modification of visitation with the child. (Doc. 1-4) at 12. The Jefferson County court stated that "[o]nce [Plaintiff] has satisfied all such orders, he may petition this court for visitation as provided by law, assuming this court then has jurisdiction to consider such petition." *Id.* No other information is provided to permit the court to determine whether this matter ultimately proceeded to a final judgment or whether it is still pending.

jurisdiction under the *Younger* Abstention doctrine.

Next, the court will assume that Plaintiff seeks review of any final judgments issued by the Family Court of Jefferson County (or any other state court), and again finds that the court lacks jurisdiction over this matter. It is well established "[a]ccording to the *Rooker–Feldman* doctrine, [that] 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) (quoting *District of Columbia Court of Appeals v. Feldman*, 460, U.S. 462, 482 (1983)).

Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction of final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine applies to "'cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The Court of Appeals for the Eleventh Circuit has held that "[t]he doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment." *Powell*, 80 F.3d at 466. A claim is inextricably intertwined if it would "effectively nullify" the state court judgment, or it "succeeds only to the extent that the state court wrongly decided the issues." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332-33 (11th Cir. 2001). The *Rooker-*

5

*Feldman* doctrine does not apply, however, where a party did not have a "reasonable opportunity to raise his federal claim in state proceedings." *Powell*, 80 F.3d at 467 (internal quotation marks omitted).

The criteria for the *Rooker-Feldman* jurisdictional bar are satisfied in this case. First, Plaintiff would be a state-court loser in an any underlying family court matters concerning visitation with, or custody of, his child. Second, there is potentially a final judgment on the merits concerning custody of Plaintiff's child, *see (*Doc. 1-4) at 11, Judgment of October 10, 2008, and the underlying state court proceedings ended before Plaintiff instituted the present federal lawsuit in this court.[2]

Third, Plaintiff's claims are "inextricably intertwined" with the state court's decision. Indeed, the state court judgments form the basis of and are intertwined with the injuries Plaintiff claims in the instant Complaint: the loss of custody over his child. Although Plaintiff's Complaint lacks clarity, the court discerns that Plaintiff is essentially challenging the loss of custody of his child in 2001, and potentially other denials to modify visitation in 2008. Because Plaintiff's Complaint centers around the removal of his child through a "forged" document used in a state court proceeding, it is clear that Plaintiff's asserted federal claim to review the custody order would either (1) "effectively nullify" the state court judgment, or (2) succeed "only to the extent that the state court wrongly decided the issues," *see Goodman*, 259 F.3d at 1332; *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)

---

[2] Plaintiff filed suit in this court on November 19, 2012.

(per curiam), and, thus, the court is barred from exercising jurisdiction under *Rooker-Feldman*. *See, e.g., Staley v. Ledbetter*, 837 F.2d 1016, 1017-18 (11th Cir. 1988) (finding that the plaintiff "in essence sought to reverse a state court's child custody determination" and holding that "no federal subject matter jurisdiction existed in this case. In effect, Staley seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights. The federal courts are not a forum for appealing state court decisions.").

Finally, Plaintiff had a "reasonable opportunity to raise his federal claim in state proceedings" when Plaintiff sought relief with the Family Court of Jefferson County in "the court case . . . known as 'JU-2001-51832.'" *See* (Doc. 1) at 6. Any constitutional issues regarding the underlying family law issues should have been asserted at that time. Further, any appeal to that court's determination should have been filed in the state court system with ultimate authority resting in the United States Supreme Court, not this court. Therefore, all of the criteria for the *Rooker-Feldman* jurisdictional bar are satisfied in this case.

It does not matter whether Plaintiff's instant action alleges civil rights or constitutional violations. "United States district courts 'do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" *Rolleston*, 848 F.2d at 165 (quoting *Feldman*, 460 U.S. at 486). *See also Dupree v. City of Phenix City*, 2011 WL 6778799, at *4 (M.D. Ala. Oct. 20, 2011) ("A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges of state court decisions

in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (citing *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995))).

## III. CONCLUSION

Because Plaintiff seeks to either have this court interfere in ongoing state court proceedings, or alter the judgment of a state court, either the *Younger*, or the *Rooker-Feldman* jurisdictional bars apply in this case. Thus, "the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Guevara,* 468 F.3d at 1305.

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that this case be DISMISSED for lack of subject matter jurisdiction.

It is further

ORDERED that on or before **January 3, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 20th day of December, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE